UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HENRY S.,

                              Plaintiff,

            v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

20-CV-1780L

## INTRODUCTION

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On February 9, 2018, plaintiff, then fifty-one years old, filed an application for disability insurance benefits under Title II of the Social Security Act, alleging an inability to work as of April 9, 2016. (Administrative Transcript, Dkt. #14 at 16). His application was initially denied. Plaintiff requested a hearing, which was held on January 6, 2020 via videoconference before Administrative Law Judge ("ALJ") Benjamin Chaykin. The ALJ issued a partially favorable decision on February 5, 2020, concluding that plaintiff was not disabled under the Social Security Act prior to June 27, 2019, but that plaintiff was disabled on that date and thereafter. (Dkt. #14 at 16-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 30, 2020. (Dkt. #14 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for the calculation and payment of benefits or in the alternative for further proceedings (Dkt. #15), and the Commissioner has cross moved (Dkt. #17) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted in part, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, which reflect treatment for spine disorder, history of bilateral total knee arthroplasty, polyneuropathy, hearing loss, left shoulder and elbow contractures, and carpal tunnel syndrome, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #14 at 19).

Upon consideration of the record, the ALJ determined that *prior to June 27, 2019*, plaintiff had the residual functional capacity ("RFC") to perform light work, except that he could never climb ladders, ropes, or scaffolds, and could no more than occasionally climb ramps or stairs. He could engage in frequent stooping and balancing, and occasional crouching and kneeling, but no crawling. He could tolerate no more than moderate noise and could not reach overhead, but could reach frequently in all other directions with his left non-dominant upper extremity. (Dkt. #14 at 20).

2

The ALJ further concluded that *beginning June 27, 2019*, plaintiff had the RFC to perform sedentary work, with all of the same additional limitations. (Dkt. #14 at 24).

Given the RFC for a range of light work with additional limitations for the period prior to June 27, 2019, vocational expert Michael C. Dorsey testified that plaintiff could not have returned to his past relevant work as a dump truck driver, automobile mechanic, or diesel mechanic, but could have performed the representative light exertion positions of marker, garment sorter, and mail clerk. (Dkt. #15 at 25-26).

Noting that the reduction of plaintiff's RFC to "sedentary" after June 27, 2019 compelled a finding of "disabled" by application of the Medical-Vocational Guidelines, the ALJ concluded that plaintiff was not disabled from April 9, 2016 through June 26, 2019, but became disabled as of June 27, 2019. (Dkt. #14 at 26).

I find that the ALJ's determination that plaintiff was capable of no more than sedentary work – and thus, was disabled – for the period of June 27, 2019 and thereafter, was well-supported, and should not be disturbed. However, I find that the ALJ's determination that plaintiff's RFC was less limiting from April 9, 2016 through June 26, 2019, and that he therefore did not become disabled until after that date, was insufficiently supported, and that additional development of the record is necessary in order to support a determination of plaintiff's RFC prior to June 27, 2019.

## I.     The "Onset" Date

Plaintiff argues that the ALJ's selection of June 27, 2019 as the date his RFC changed from "light" to "sedentary" was arbitrary and unsupported. The Court concurs.

"Where, as here, a claimant is found disabled but it is necessary to decide whether the disability arose at an earlier date, the ALJ is required to apply the analytical framework outlined in SSR 83-20, 1983 SSR LEXIS 25 to determine the onset date of disability." *Briscoe v. Barnhart*,

425 F.3d 345, 352 (7th Cir. 2005). "Where the ALJ determines that the date of onset is other than what the claimant alleges, the ALJ has an affirmative obligation to 'adduce substantial evidence to support his [finding].'" *Ahisar v. Commissioner*, 2015 U.S. Dist. LEXIS 131674 at \*24 (E.D.N.Y. 2015) (quoting *Corbett v. Commissioner*, 2009 U.S. Dist. LEXIS 121261 at \*37 (\*N.D.N.Y. 2009)). Any onset date inference "must be . . . based on the facts and can never be inconsistent with the medical evidence of record." S.S.R. 83-20, 1983 SSR LEXIS 25 at \*6. An arbitrary onset date selection will not be accepted by a reviewing court:

> [C]ourts have held tha[t] an ALJ may not rely on the first date of diagnosis as the onset date simply because an earlier diagnosis date is unavailable. Similar results obtain where an ALJ adopts some other equally arbitrary onset date, such as the date on which the claimant applied for SSI benefits, received a consultative examination, or appeared before an ALJ at an administrative hearing.

*McCall v. Astrue*, 2008 U.S. Dist. LEXIS 104067 at \*63 (S.D.N.Y. 2008).

SSR 83-20, 1983 SSR LEXIS 25, acknowledges that, "[w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling," and, therefore, it may be necessary to "infer" the onset date from the available evidence. *Id*. In such cases, the ALJ's determination as to a particular onset date "must have a legitimate medical basis," and a "[c]onvincing rationale must be given for the date selected." *Id.* "[C]ourts have found it 'essential' for the Commissioner to consult a medical advisor where . . . a claimant does not have contemporaneous medical evidence from the period around his alleged disability onset date [and] the record is ambiguous with respect to onset date." *Cataneo v. Astrue*, 2013 U.S. Dist. LEXIS 36653 at \*48 (E.D.N.Y. 2013) (collecting cases). *See also Monette v. Astrue*, 269 F. App'x 109, 112 (2d Cir. 2008) ("[i]n circumstances where an ALJ has reason to question the onset date of disability, the best practice may be to solicit the views of a medical expert"). The ALJ may also call and rely upon the testimony of lay witnesses, such as a

claimant's "family members, friends, and former employers," in determining an onset date. SSR 83-20, 1983 SSR LEXIS 25, *6.

Here, the ALJ explained that the June 27, 2019 onset date was determined with reference to plaintiff's treatment visit on that day with primary care physician Dr. Chad Szymanski. (Dkt. #14 at 796-801). Dr. Szymanski noted that plaintiff complained of having fallen three times in the prior two months – on one occasion lying helpless on the floor for several hours before he managed to call for help – and was experiencing numbness in his left leg, lack of mobility, and bruising on his feet and upper back. Strength was 4/5 in all extremities, and plaintiff's balance was impaired. Later testing showed abnormal EMG findings, with evidence of polyneuropathy, including decreased sensation in the extremities, right side foot drop, and abnormal gait and station. (Dkt. #14 at 776-78, 833).

The ALJ's finding that the June 27, 2019 examination was the first time the plaintiff's limitations became disabling is not sufficiently supported. On its face, the treatment note indicates that plaintiff's neuropathic impairments had been causing obvious symptoms (e.g., falls) for at least two months prior. (Dkt. #14 at 796-801). Furthermore, earlier examinations, such as an April 9, 2018 consultative examination by internist Dr. Nikita Dave, noted reduced spinal flexion, reduced range of motion in the right and left shoulders, and diminished sensation and strength in the left arm and hand, for which Dr. Dave suggested moderate to marked limitations for squatting, climbing, lifting, carrying, pushing and pulling of heavy objects, prolonged standing, and prolonged walking, and marked limitations for repetitive reaching. (Dkt. #14 at 636-40). The ALJ declined to incorporate the bulk of these limitations into his RFC finding, on the grounds that they were vague, and/or "inconsistent" with the plaintiff's "heavy work duties" during his brief return

to seasonal work from June 2018 through November 2018. (Dkt. #14 at 23).[1] Four months later in October 2018, plaintiff presented to his physician with complaints of constant tingling in both hands, radiating up his left arm. (Dkt. #14 at 808-09).

Given that evidence predating the June 27, 2019 "onset" date determined by the ALJ appears to have reflected complaints and findings suggestive of the neuropathy-related limitations that eventually were found to be disabling, the ALJ's finding that plaintiff's RFC diminished to a limited range of sedentary work as of that date – but not any earlier – is not supported by a "convincing rationale." SSR 83-20, 1983 SSR LEXIS 25 at *8. Because the record does not otherwise contain persuasive proof of disability, remand for further proceedings, rather than for the calculation and payment of benefits, is the appropriate remedy.

Because I find that remand is necessary and direct the rendering of an entirely new decision, the Court declines to consider plaintiff's additional argument, concerning alleged inconsistencies in the ALJ's step one findings concerning substantial gainful activity in 2018.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision, with respect to the period prior to July 27, 2019, was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #15) is granted in part, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is denied.

---

[1] The ALJ's rejection of the postural limitations opined by Dr. Dave, as "inconsistent" with the work plaintiff performed from June 2018 through November 2018, was also not sufficiently supported. Plaintiff testified that his work as a seasonal truck driver in 2018 consisted primarily of driving a vehicle, with no more than occasional lifting of a heavy object: he did not testify concerning the extent to which any other aspects of the job exceeded the limitations identified by Dr. Dave, whose opinion was rendered just a few weeks earlier. (Dkt. #14 at 49-50, 54-56).

The Commissioner's decision is reversed in part, to the extent that the Commissioner determined that plaintiff was capable of a limited range of light work and was therefore not disabled prior to July 27, 2019, and the matter is remanded for further proceedings. On remand, the ALJ is directed to render a new decision concerning plaintiff's disability claim for the period between the alleged onset date of April 9, 2016, and July 27, 2019 (the "relevant period").[2]

Further proceedings in connection with the new decision should include, but are not limited to, developing the record with respect to the date(s) upon which plaintiff's symptoms became disabling, by seeking additional medical records, recontacting treating or examining sources, consulting a medical advisor, and/or seeking testimony from plaintiff's friends, family, or former employer(s).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 28, 2022.

---

[2] The ALJ's rendering of the new decision for the relevant period should commence at step one, to include consideration of whether plaintiff's performance of a seasonal truck driving job from June 2018 through December 2018 should be excepted from substantial gainful activity, either as an unsuccessful work attempt, or a trial work period.

7